IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Bruce Finder Sales, Inc. | ) | No. 17-2122 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge Deborah L. Thorne |
| | ) | |

NOTICE OF MOTION

**To: Attached Service List**

     PLEASE TAKE NOTICE that on January 30, 2018 at 10:00 am or a soon thereafter as Counsel may be heard I shall appear before the Honorable Judge Deborah L. Thorne in courtroom 613 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois shall there and then present the FINAL APPLICATION OF O. ALLAN FRIDMAN FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF COSTS AS DEBTOR'S COUNSEL pursuant to 11 U.S.C. 330, a copy of which is attached to this Notice and hereby served upon you.

                                                                                             /s/ O. Allan Fridman

**CERTIFICATE OF SERVICE**

     I, O. Allan Fridman, an attorney, caused a copy of the Motion and this Notice to be served upon the attached addresses in the manner indicated and by ECF notification to registered parties and the 20 Largest Creditors, on this 9th day of January 2018.

        1. FINAL APPLICATION OF O. ALAN FRIDMAN FOR ALLOWANCE OF
        FEES AND REIMBURSEMENT OF COSTS AS DEBTORS' COUNSEL
        2. COVER SHEET FOR APPLICATION FOR PROFESSIONAL
        COMPENSATION

                                                                  /s/    O. Allan Fridman

Atty. No. 6274954
O. Allan Fridman
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
(847) 412-0788

# SERVICE LIST

By ECF Filing and Mail:

Patrick S Layng,
Office of the U.S. Trustee Region 11
219 S Dearborn St Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

Steven A Wolfe
Trial Attorney
Office of the United States Trustee
219 S. Dearborn St., Room 873
Chicago, Illinois 60604

Matthew M. Hevrin
Hinshaw & Culbertson
100 Park Avenue
Rockford, Il 61101
mhevrin@hinshawlaw.com

David L. Hazan
NorStates Bank Building,
111 North County Street,
Waukegan, Illinois 60085
dlhazan@divergrach.com

Keevan Morgan
Morgan& Bley
900 Jackson Blvd Suite 4
Chicago, IL 60601

## By Mail

American Eagle Steel Corp
Po box 1159
Ponte Vedra Beach, FL 32004
904.273.5574

Brad Finder
1739 Ellendale
Northbrook, IL 60062
Brad@bfsmetals.com

Cmc Commercial Metals
PO Box 844579
Dallas, TX 75284

Euler Hermes
800 Red Brook Boulevard
Owings Mills, MD 21117

Fifth Third Bank
222 S. Riverside Plaza
Chicago, IL 60606
Fax 317-383-2043

Gerdau Long Steel
4221 w. Boy Scout Blvd  ste 600
Tampa, FL 33607

Griffin Supply
5026 Columbia avenue
Hammond, IN 46327

219.931.7566

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0338 (

June Finder
2443 Pomona Lane
Wilmette, IL 60091
junefinder@comcast.net

Kratos Building Products
2525 Ponce de Leon Blvd
Coral Gables, FL 33134

Liebovich Steel & Aluminum
2116 Preston Street
Rockford, IL 61102

Magellan Corporation
3250 solutions center
Chicago, IL 60677

New millennium building system
6115 county rd.
Butler, IN 46721

Prolamsa USA
770 South Post Oak Lane
Houston, TX 77056
281-494-0990

Ratner Steel Supply
2500 w county road b
Portage, IN 46368

Service Steel Warehouse
PO Box 9607
Huston Texas, 77213

Steel Of America
Po Box 77
Arnold, MD 21012    410-757-6021

Steel Ventures Llc
Dba Exl Tube
905 Atlantic street
Kansas City, MO 64116

Sugar Steel Corporation
2521 state street
Chicago Heights, IL 60411

Triad metals
1 village road
Horsham, PA 19044

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Bruce Finder Sales, Inc. | ) | No. 17-2122 |
| | ) | |
| Debtor. | ) | Honorable Judge Deborah L. Thorne |

**FINAL APPLICATION OF O. ALLAN FRIDMAN FOR
COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD
JANUARY 12, 2017 THROUGH JANUARY 9, 2018**

Now comes the Debtor, Bruce Finder Sales, Inc., ("Debtor"), debtor and debtor in possession, pursuant to 11 U.S.C. §§ 327, 330 and 331, a hereby submit this First and Final Fee Application (the "Fee Application") in the amount of $43,674.50 for legal services rendered during the period January 12, 2017 through January 9, 2018 and $639.10 in costs. In support thereof, Counsel respectfully states as follows:

**BACKGROUND**

1. On January 25, 2017 ("Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. On February 14, 2017, this Court entered an Order Approving Debtors' employment of O. Allan Fridman as Debtor's bankruptcy counsel in the Chapter 11 Cases retroactive to the Petition Date.

3. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their financial affairs as debtors in possession. No trustee, examiner or committee has been appointed in these cases.

4. Bruce Finder Sales, Inc. doing business as BFS Metals, a metal service center engaging in the sales of metal related products used in maintenance and construction industry for the past

1

26 years.

5. During the course of this chapter 11 the Debtor was able to negotiate with a secure d lender on investment property and resolve a large deficiency on the Ashbury property. The Debtor was able to negotiate the purchase of the note of the secured lender on the Dealership property for a reduced amount.

## Narrative Summary of Services

6. A narrative summary of the services rendered by O. Allan Fridman during the period January 12, 2017 through January 9, 2018 is set forth below. Itemized and detailed descriptions of the specific services rendered by O. Allan Fridman to the Debtors during this period are reflected on the billing statements attached hereto as Exhibits A-M. The billing statements set forth the name of the attorney, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

7. The services rendered by Counsel during the period January 12, 2017 through January 9, 2018 have been segregated into Thirteen (13) categories as follows: (A) Case Administration; (B) Schedules/Statement of Financial Affairs, (C) First Day Motions, (D) Employment of Professionals (E) Meeting of Creditors; (E) Relief of Stay Issues (F) Cash Collateral Financing (G) Relief of Stay Issues (H) Plan/Disclosure Statement; (I) Claims Administrator (J) Use, Sale and lease of Property (K) confirmation hearing (L) Mechanics Lien Issues (M) Fee Petition. The time expended in each billing categories is set forth below, and summarized as O. Allan Fridman for a total of 102.70 hours at $425.00 per hour.

8. The hourly rates listed above are customary and reasonable and are the same hourly rates charged by O. Allan Fridman non-bankruptcy clients for other matters.

2

9. The fees sought by in each of the aforesaid billing categories are summarized as follows:

| EXHIBIT | TITLE OF CATEGORY | TIME INVOLVED | AMOUNT SOUGHT |
|---|---|---|---|
| A | Case Administration | 20.30 | $8,627.50 |
| B | Schedules / Statement of Financial Affairs | 8.80 | $3,740.00 |
| C | First Day Motions | 7.70 | $3,272.50 |
| D | Employment of Professionals | 2.30 | $977.50 |
| E | Meeting of Creditors | 2.10 | $892.50 |
| F | Cash Collateral Financing | 8.30 | $3,527.50 |
| G | Relief of Stay Issues | 0.50 | 212.50 |
| H | Plan / Disclosure Statement | 15.10 | $6,417.50 |
| I | Claims Administrator / Creditor Issues | 5.90 | $2,507.50 |
| J | Use, Sale and Lease of Property | 11.60 | $4,930.00 |
| K | Confirmation Hearing | 5.40 | $2,295.00 |
| L | Mechanics Lien Issues | 9.70 | $4,122.50 |
| M | Fee Petition | 5.00 | $2,125.00 |
| | | | |
| | **Total Fees** | **102.70** | **$43,647.50** |

10. There has been no duplication of services. When two or more professionals participated in any activity, such joint participation was necessary because of either the complexity of the problems involved or the need to familiarize each professional with the matters at issue so that each professional could perform further necessary work.

3

11. In the event the Debtor does not have sufficient funds to pay the Attorneys' entire fee award all at one time and that the Attorneys will have to make reasonable accommodations as to the payment of any award. However, as provided in the Bankruptcy Code, the Attorney is entitled to an award that is not contingent upon such accommodation or otherwise uncertain.

12. The tasks performed by Counsel in each of the listed categories and expenses incurred by Counsel are set forth in the attached exhibits and are summarized as follows:

EXHIBIT A – General Case Administration: This category includes the following: attendance at court hearings relating to status; communications and meetings with Debtor; and review of Debtors financial documents. Counsel spent 20.30 hours of attorney time on the foregoing services for a total fee of $8,627.50 as is more fully described in Exhibit A.

EXHIBIT B – Schedules / Statements of Financial Affairs: This category includes the following: review of information provided from Debtors in preparation of drafting schedules and statements of financial affairs; preparation of schedules and statements of financial affairs for each of the Debtors; communications and meetings with Debtors regarding the schedules and statements; and amendment to the schedules. Counsel spent 8.80 hours of attorney time on the foregoing services for a total fee of $3,740.00 as is more fully described in Exhibit B.

EXHIBIT C –First Day Motions. This category includes preparation of the Debtors' first day motions including motions to allow the administration of the Debtor's business in the initial stage of the case. Counsel spent 7.70 hours of attorney time on the foregoing services for a total fee of $3,272.50 as is more fully described in Exhibit C.

EXHIBIT D – Employment of Professionals: This category includes the following: drafting a motion to employ attorneys; drafting a motion to employ real estate brokers and attend court for hearing on the motion. Counsel spent 2.30 hours of attorney time on the foregoing

services for a total fee of $977.50 as is more fully described in Exhibit D.

EXHIBIT E –Meeting of Creditors. This category includes preparing for an attending the Debtor in possession interview and section 341 meeting of creditors. Counsel spent 2.10 hours of attorney time on the foregoing services for a total fee of $892.50, as is more fully described in Exhibit E.

EXHIBIT F- Cash Collateral Financing: This category includes the following: preparing motion for use of Cash Collateral for use of secured lender's collateral; preparing cash collateral orders and budgets. Counsel spent 8.30 hours of attorney time on the foregoing services for a total fee of $3,527.50 as is more fully described in Exhibit F.

EXHIBIT G – Relief of Stay Issues: This category includes the following: review of the US Bank's secured lender's motion for relief from stay for saw and negotiating with the Secured lender for retrieval of the motion; research regarding motion; conferences to determine strategy in opposing relief from stay. Counsel spent .5 hours of attorney time on the foregoing services for a total fee of $212.50 as is more fully described in Exhibit G

EXHIBIT H – Plan of Reorganization / Disclosure Statement: This category includes the following: developing a strategy to reorganize the Debtors, including analysis of plan viability; meetings with Debtors' principal to discuss plan options and strategy; draft disclosure statement and plans of reorganization, responding to confirmation issues.  Counsel spent 15.10 hours of attorney time on the foregoing services for a total fee of $6,417.50 as is more fully described in Exhibit H.

EXHIBIT I – Claims Administration / Creditor Issues: This category includes the following: drafting a motion to establish claims bar date and attendance at hearing on the motion; communications with various creditors relating to the filing of the Debtor's petition. Dealing

5

with the creditors and claims that arose. Counsel spent 5.90 hours of attorney time on the foregoing services for a total fee of $2,507.50, as is more fully described in Exhibit I.

EXHIBIT J– Use, Sale and Lease of property. This category includes the following: drafting a motion to sell all the Debtors assets pursuant to section 363 of the bankruptcy code to secured creditor via credit bid. Counsel spent 11.60 hours of attorney time on the foregoing services for a total fee of $4,930.00, as is more fully described in Exhibit J.

EXHIBIT K– Confirmation Hearing. This category includes the following: preparing ballot reports and confirmation orders and attending the confirmation hearing Counsel spent 5.40 hours of attorney time on the foregoing services for a total fee of $2,295.00, as is more fully described in Exhibit K.

EXHIBIT L– Mechanics lien Issues. This category includes the following: dealing with various mechanic lien claimants and title companies to release funds owed to Debtor and various sub contractors Counsel spent 9.70 hours of attorney time on the foregoing services for a total fee of $4,122.50 as is more fully described in Exhibit L.

EXHIBIT M – Fee Petition: This category includes preliminary work on drafting the Debtor's first interim fee application. Specifically, this required review of all of the Debtor's time entries for proper categorization; review for compliance with bankruptcy and local rules; calculation of fees/professional, fees/category and hours/professional; and the initial drafting of the application. Counsel spent 5.0 hours of attorney time on the foregoing services for a total fee of $2,125.00, as is more fully described in Exhibit M.

16. The Debtor's Counsel respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, the costs of comparable services in other cases

under Chapter 11, and that the time has been fairly and properly expended.

17. The Debtors Counsel expended a total of 102.70 hours for the services provided to the Debtors. Based on the hourly charges of Debtors Counsel set forth above, counsel requests that the Court determine and allow it $43,674.50 as compensation pursuant to Section 330 and 331 of the Bankruptcy Code. Upon this Court's granting of the Application, Counsel will be paid by the Debtor in installments as mutually agreed upon.

## APPLICABLE LEGAL STANDARDS AND CRITERIA

18. Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by . . . such person; and
> (B) reimbursement for actual, necessary expenses.
> 11 U.S.C. § 330(a)(1).

19. Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that [a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. * * *. . . services performed by attorneys representing Debtor must produce a benefit

20. *In re Grabill Corp.*, 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted). In assessing the reasonableness of attorneys' fees under section 330, Judge John H. Squires of the Bankruptcy Court for the Northern District of Illinois considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the

7

    case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *In re McNichols*, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

  21. Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently. In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted).

  The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. See *Steinlauf v. Continental Illinois Corp.* (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."). Similarly, as one Court has reasoned, "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

## APPLICATION OF RELEVANT CRITERIA
## AND STANDARDS TO THIS COMPENSATION REQUEST

22. In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Counsel, the reasonableness of the services rendered, and the extremely good results achieved. All of the services performed by Counsel were required for the proper representation of the Debtor in this case were authorized by the Court and were performed by Counsel at the request and direction of the Debtor. Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of Counsel's services are compensable.

23. The amount of services rendered by Counsel to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the volume and complexity of the issues involved in this case.

24. The hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of counsel in this case, and the risk of non-payment.

**STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE**

25. No agreement exists between Counsel and any third party for the sharing of compensation received by Counsel in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016

26. During the Application Period, Counsel has devoted 102.70 hours to represent the Debtor with respect to the categories listed in Exhibits A-M, and has provided the Debtor with actual and necessary legal services worth a total of at least $43,674.50 as final compensation and

$639.10 for costs and $ as detailed in Exhibit N.

27. Upon this Court's granting of the Application, payment of Debtors Counsel's compensation and expenses will first be applied to the retainer.

28. A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibits,

**NOTICE**

29. A copy of the Application has been sent to the Debtor and the 20 largest Creditors and all parties entitled to notice via the Court's electronic notice system, including the United States Trustee and the creditors via email.

WHEREFORE, O. Allan Fridman, respectfully requests that the Court enter an Order:

A. Awarding him $43,674.50 as final compensation and $639.10 for costs, as set forth herein pursuant to Bankruptcy Code Section 330 and 331;

B. Granting such other and further relief as the Court deems just and proper.

By: /s/ O. Alan Fridman

O. Allan Fridman
555 Skokie Blvd Suite 500
Northbrook, IL 60062
847-412-0788
6274954
allan@fridlg.com